UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN ELECTRICAL EMPLOYEES
HEALTH AND WELFARE PLAN,
WISCONSIN NECA-IBEW RETIREMENT PLAN,
WISCONSIN NECA-IBEW JOINT EMPLOYEES
APPRENTICESHIP AND TRAINING TRUST FUND,
WISCONSIN ELECTRICAL EMPLOYEES
APPRENTICESHIP COORDINATOR FUND,

      Plaintiffs,

      vs.      Case No. 15-CV-679

VITALIZE CONSTRUCTION & DESIGN, INC.,

      Defendant.

---

## COMPLAINT

---

**NOW COME** the Plaintiffs, by their attorneys, Reinhart Boerner Van Deuren s.c., by Philip R. O'Brien and Sarah A. Huck, and as and for a cause of action against the Defendant, allege and show to the Court the following:

### JURISDICTIONAL AND FACTUAL ALLEGATIONS

1.    Jurisdiction of this Court is founded upon Sec. 301(a) of the Labor Management Relations Act of 1947, as amended (29 U.S.C. 185 (a)), and Sec. 502 of the Employee Retirement Income Security Act of 1974 (29 U.S.C. 1132), as amended, in that the Plaintiffs are aggrieved by the Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby

32934057

violating the provisions of the Employee Retirement Income Security Act of 1974, the Multi-Employer Pension Plan Amendments Act of 1980, the terms and provisions of the employee benefit plans, Section 301 of the Labor Management Relations Act of 1947, and the common law of the State of Wisconsin.

2. Venue is proper in this Court under Section 502(e)(2) of ERISA (29 U.S.C. 1132(e)(2) ), because the Plaintiff Funds are administered in this federal district.

3. Plaintiffs Wisconsin Electrical Employees Health and Welfare Plan, Wisconsin NECA-IBEW Retirement Plan, Wisconsin NECA-IBEW Joint Employees Apprenticeship and Training Trust Fund and Wisconsin Electrical Employees Apprenticeship Coordinator Fund ("the Funds") are employee benefit Funds within the meaning of Sections 3(1), (2), (3) and (37), 502 and 515 of ERISA, as amended by the Multiemployer Pension Funds Amendments Act of 1980, PL. No. 96-364, Sec. 306 (codified as amended at 29 U.S.C. Sections 1002(1), (2), (3) and (37), 1132 and 1145), and brings this action on behalf of the Trustees, participants and beneficiaries of said Funds.  The Funds maintain administrative offices at 2730 Dairy Drive, Suite 101, Madison, Wisconsin.

4. Defendant Vitalize Construction & Design, Inc. ("Vitalize") is a Wisconsin corporation organized under the laws of Wisconsin, engaged in business with principal offices located at 403 West River Drive, Stevens Point, Wisconsin 54481.  The corporation's registered agent for service of process is Brandon M. Wojtalewicz, 403 West River Drive, Stevens Point, Wisconsin 54481.

5. Defendant Vitalize is an employer and party in interest in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and (14) of the

Employee Retirement Income Security Act of 1974 (29 U.S.C. Sec. 1002(5), (11), (12) and (14)) and the Labor Management Relations Act of 1947 (29 U.S.C. Sec. 151, et seq.).

6.  For all times relevant, Defendant Vitalize was a party to and agreed to abide by the terms of the Inside Wiremen collective bargaining agreement between the Wisconsin Valley Division - Wisconsin Chapter, NECA, Inc. and International Brotherhood of Electrical Workers Local Union No. 388 ("Local 388"), by signing a Letter of Assent on September 25, 2012.  Local 388 is a labor organization that represents, for purposes of collective bargaining, certain employees of Vitalize, and employees of other employers, in industries affecting interstate commerce within the meaning of Sections 2(5), 9(a) and Sec. 301(a) of the Labor Management Relations Act of 1947 (29 U.S.C. Sec. 151, et seq.).  A copy of the Letter of Assent is attached hereto as Exhibit A.

7.  The executed collective bargaining agreement described herein contains provisions whereby Defendant Vitalize agreed to make timely payments to the Plaintiff trust funds for each employee covered by said agreement.  By execution of said collective bargaining agreement, Defendant adopted the trust agreements and amendments thereof which establish and govern the Funds and are necessary for their administration, and designated as its representatives on the Board of Trustees such Trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratified all actions already taken or to be taken within the scope of their authority.

8.  By virtue of executing the collective bargaining agreement and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and

regulations heretofore and hereafter adopted by the Trustees of said trust funds, Defendant Vitalize has agreed as follows:

 (a) to file monthly reports and make timely and prompt contributions to the Plaintiff Funds for each employee covered by the aforementioned labor agreement;

 (b) to designate, and accept as its representatives, the Trustees named in the declaration of trust and their successors;

 (c) to adopt and abide by all of the rules and regulations adopted by the Trustees of the Funds pursuant to the trust agreements;

 (d) to adopt and abide by all of the actions of the Trustees in administering the Funds in accordance with the trust agreements and the rules so adopted; and

 (e) to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions, and in addition to actual attorneys' fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

 9. Defendant Vitalize has failed to perform its obligations pursuant to the terms and conditions of the collective bargaining agreement and trust agreements by, although not necessarily limited to, the following:

 (a) failing to make continuing and prompt payments to the Funds as required by the applicable collective bargaining agreement and trust agreements for all of Vitalize's covered employees; and

 (b) failing to accurately report employee work status to the Funds.

 (c) failing to allow inspection of employee work records.

10. Section 502(g)(2) of ERISA, as amended by he Multiemployer Pension Plan Amendments Act of 1980 (Sec. 306(b)(2)) provides:

> (2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of --
>
> (i) interest on the unpaid contributions, or
>
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal of State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under Section 6621 of the Internal Revenue Code of 1954.

11. Section 515 of ERISA provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

12. Despite demands that Defendant Vitalize perform its statutory and

contractual obligations, the Plaintiff Funds have ascertained that said Defendant has wholly failed, neglected, omitted and refused to make those payments.

13.     Defendant Vitalize has refused to submit to a standard audit for the period of September 1, 2013 to the present with the representatives of the Plaintiff Funds despite the Funds' authority to perform such an audit and, as such, the amounts due the Funds are unknown.

## CLAIM FOR RELIEF AGAINST DEFENDANT VITALIZE

14.     As and for a first claim for relief against Defendant Vitalize, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 13 above and incorporate the same as though fully set forth herein word for word.

15.     Due demand has been made upon the Defendant for payment of all sums due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

16.     Because, as Plaintiffs are informed and believe, Defendant Vitalize has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of Plaintiffs' trust funds is reduced, Plaintiffs' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed.  Consequently, ERISA and Plaintiff Funds' employee benefit plans have been violated, and the Plaintiffs are entitled to all of the remedies provided by ERISA.

17.     Because Defendant Vitalize has failed to make timely and prompt contributions, some of the Funds, beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify.  These

beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with its collective bargaining agreements and enjoined from further breaches.

18. Plaintiffs fear that Defendant Vitalize could be disposing of assets and diverting them to the benefit of other creditors who are not protected by the trust created by federal common law and Section 779.02(5) of the Wisconsin statutes, to the prejudice of the Plaintiffs, and could also be losing substantial amounts of money. This would make a money judgment a nullity, and as such would be an inadequate remedy at law.

19. Due demand has been made upon the defendant for access to its books and records to perform an audit in order to determine the amounts due and owing the Plaintiff Funds, but said Defendant has refused.

**WHEREFORE,** Plaintiffs demand the following relief:

1. An order requiring the Defendant to restore to the trust created by federal common law and Section 779.02 of the Wisconsin Statutes all funds which have been misappropriated by virtue of the Defendant's using trust fund money to pay those other than those entitled to the benefit of the trust created thereto.

2. Judgment on behalf of the Plaintiffs and against the Defendant:

　　(a) For unpaid contributions, interest and liquidated damages for the period September 1, 2013 to the present;

　　(b) For unpaid contributions, interest and liquidated damages becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

　　(c) Actual attorney fees and the costs of this action.

      3.      An order permanently restraining the Defendant, its employees, agents, attorneys or any other acting on its behalf from:

      (a)      Transferring or disposing of assets, accounts receivable, tax refunds and/or equipment to any party pending further order of the Court.

      (b)      Taking any loan repayment, dividend, or salary until all amounts due are paid in full to the Plaintiffs.

      (c)      Refusing to comply with the terms of the collective bargaining agreements requiring contributions to the Plaintiffs, refusing to comply with the terms of the Employee Retirement Income Security Act of 1974 (29 USC 1132) and refusing to comply with the terms of the Plaintiffs, employee benefit plan.

      4.      An order enjoining and restraining the Defendant, its corporate officers, employees, agents, bonding, agents, and/or sureties, attorneys or any other acting on its behalf from collecting or converting any account receivable which is subject to any lien the Plaintiffs may have pursuant to Section 779.02(5) of the Wisconsin Statutes, for improvements to and on real estate, until all employee wages and employee benefit fund contributions which have become due relative to said improvements for which the receivable was earned have been paid in full and all monies taken from the trust created by Section 779.02 of the Wisconsin Statutes have been fully repaid.

      5.      An order requiring Defendant to serve on the Plaintiffs' counsel, within ten (10) days of the date of said order, a list of Defendant Vitalize's accounts receivable. With respect to each account receivable, Defendant shall itemize:

      (a)      The amount of each account receivable.

      (b)      The period of time during which such receivable accrued.

   (c) The location of the premises upon which the work was performed.

   (d) The nature of the improvement involved for which the account receivable is due.

   (e) The present outstanding amount of wages and fringe benefits still owed for labor on the improvement (itemized by individual and by month on each project or improvement separately).

  6. An order directing Defendant Vitalize to submit to an audit of the company's books and records by the Plaintiff Funds, designated representative for the period September 1, 2013 to the present.

  7. The Court should retain jurisdiction pending compliance with its orders.

  8. For such other, further or different relief as the Court deems just and proper.

Dated this 22nd day of October, 2015.  s/Philip R. O'Brien
                 PHILIP R. O'BRIEN (SBN 1015549)
                 SARAH A. HUCK (SBN 1036691)
                 Reinhart Boerner Van Deuren s.c.
                 Attorneys for Plaintiff Funds
                 1000 North Water Street
                 Suite 1700
                 Milwaukee, WI 53202
                 414-298-1000 (telephone)
                 414-298-8097 (facsimile)
                 pobrien@reinhartlaw.com
                 shuck@reinhartlaw.com